## Oyler v. Clements, Appellant.

*Will—Devise—Estate in fee—Marketable title.*

Where a testator gives to his daughter, her heirs and assigns, one-fourth of all his estate, and later in his will says "I request the executors......to grant and convey by deed my home and house and thirty acres where I now live to my daughter......for $1500 payable out of her interest and bequest given to her in this will," and the daughter elects to take the homestead, a deed to her by the executors gives to her a good marketable title in fee, not affected by a later clause in the will, which directs that "when my daughter and her husband die all the bequests I leave to my daughter that is in their possession shall fall back to the original" and be divided between two persons specified.

Argued Feb. 4, 1919. Appeal, No. 6, Oct. T., 1919, by defendant, from order of C. P. Westmoreland Co., May T., 1918, No. 257, making absolute rule for judgment for

want of a sufficient affidavit of defense in case of Margaret O. Oyler v. Thomas C. Clements. Before BROWN, C. J., STEWART, MOSCHZISKER, WALLING and SIMPSON, JJ. Affirmed.

Assumpsit to determine marketable title to real estate. Before COPELAND, P. J., specially presiding.

From the record it appeared that Wm. M. Williams by his will directed as follows:

"First;—I direct that all my just debts and funeral expenses be fully paid and satisfied as soon as conveniently may be after my decease.

"Second;—I give and bequeath to my son Willie Milo M. D. his heirs and assigns the one fourth (¼) equal share of all my estate personal property moneys notes and book accounts and real estate and effects.

"Third;—I give and bequeath to my daughter Rebecca Jane Hunter her heirs and assigns the one fourth (¼) equal share of all my estate personal property money, notes, accounts, and real estate and effects plus Five Hundred Dollars (500) to cove— a note I gave her (R. J. Hunter) dated April 1st, 1905 which note shall draw no interest until after the date of this my will. I also appoint my son Willie Milo and J. K. Johnston Trustee to take charge of all the bequests I make to my daughter R. J. Hunter and see that she and her children gets all necessary benefits of the same.

"Fourth;—I give and bequeath to my daughter Margaret Orah Oyler her heirs and assigns the one fourth (¼) equal share of all my estate personal property moneys notes accounts and real estate and effects mines less four hundred Dollars ($400)

"Fifth;—I give and bequeath to my daughter Elizabeth Johnston her heirs and assigns the one fourth (¼) equal shares of all my estate personal property money notes accounts and real estate and effects minus two hundred and ninety dollars ($290.00) to balance equal shares with my son Willie Milo.

"Sixth;—I give and bequeath to my grand son Wm Clarence Hunter Five Hundred $500 Dollars to be paid to him in cash.

"Seventh;—Minerals coals underlying lands may be sold separate from the lands and all claims due my estate shall be collected and distributed as aforesaid all unsettled claims against the heirs shall be paid or settled in their respective shairs independent of limitation.

"Also I request the executors of this my will to grant and convey by deed my home and house and thirty acres of land where I now live to my daughter Margaret O. Oyler reserving all the mineral coal underlying the same that I have optioned for sale at present for Fifteen hundred dollars payable out of her interest and bequest giving to her in this my will.

"Eighth;—I hereby order that when my daughter Margaret Oral and her husband C. Z. Oyler dies all the bequests I leave to my daughter that is in their possessions shall fall back to the original and be equally divided between my son Will Milo and my daughter Rebecca Jane and Elizabeth and their heirs."

Mrs. Oyler elected to take the homestead at the valuation stated in the will, and deed for it was made to her by the executor. She subsequently signed articles to sell the land to Thomas C. Clements, the defendant. The latter, alleging insufficiency of title, refused to perform his contract, hence this suit.

The court made absolute rule for judgment for want of a sufficient affidavit of defense. Defendant appealed.

*Error assigned* was the order of the court.

*Paul H. Gaither,* with him *Charles E. Whitten,* for appellant.

*C. L. Hugus,* for appellee.

PER CURIAM, February 24, 1919:

The learned court below correctly held that the deed from the executor of the will of appellee's father, executed and delivered to her in pursuance of its seventh clause, passed an absolute estate to her in the property she has contracted to sell to the appellant. Nothing is to be found in the six preceding clauses indicating a contrary intention by the testator, and, in the eighth and last, he places no restraint upon her power to dispose of what he gave her, in the preceding clause.

Judgment affirmed.